# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 11, 2016

Plaintiff-Appellee,

v

No. 325730
Wayne Circuit Court
LC No. 14-008324-FC

CARL RENE BRUNER II,

Defendant-Appellant.

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

No. 326542
Wayne Circuit Court
LC No. 14-005613-FC

MICHAEL DEMOND LAWSON,

Defendant-Appellant.

Before: METER, P.J., and SHAPIRO and O'BRIEN, JJ.

SHAPIRO, J. (*concurring*).

I concur with the majority in full as to defendant Lawson. I also concur as to defendant Bruner, but write separately in order to more fully address the hearsay issue. As the majority observes, the challenged statements were non-testimonial, and so no Confrontation Clause issue arises. The question then is whether the statement was admissible pursuant to MRE 804(3), which allows for admission of a hearsay statement if the statement is against the declarant's penal interest. I do not agree with the majority's view that the trial court's instruction to the jury to consider the evidence only against defendant Lawson was curative. Some limiting instructions are effective and some are not. In this case I think it would be erroneous to conclude that the jury could ignore the significance of the statement as to Bruner because it was the only evidence that put a gun in his hand at the time of the shooting. Expecting jurors to compartmentalize the relevancy of this very significant evidence so as to apply it only to one defendant is simply unrealistic. And given that Webb's testimony had been the subject of pre-trial discussion, the trial court would, in my view, have been wise to empanel two juries, as was requested, rather than risk a retrial.

-1-

Nevertheless, I believe I am bound to affirm. Although the federal rule of evidence concerning hearsay statements against interest has been limited to allow admission only of those portions of the statements that are inculpatory as to the *declarant*, *Williamson v United States* 512 US 594, 600-601; 114 S Ct 2431; 129 L Ed 2d 476 (1994), the same is not true concerning the Michigan rule of evidence. In *People v Taylor*, 482 Mich 368, 379 n 6; 759 NW2d 361 (2008), the Michigan Supreme Court appears to have rejected the *Williamson* analysis and adopted a broader view of the exception allowing admission of an entire statement even if only part of the statement is against the declarant's penal interest. Moreover, even if *Williamson* controlled, the hearsay reference to the gun might have been admissible as to Bruner because even that portion of the statement could be construed as against Lawson's penal interest because Lawson's awareness that his passenger was carrying a gun was important to proving that he knowingly aided and abetted the murder.


/s/ Douglas B. Shapiro